UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TERRANCE N. BROOKS,

        Petitioner,

v.                                                      Case No. 13-C-0199

WILLIAM POLLARD,

        Respondent.

**DECISION AND ORDER**

Terrance N. Brooks filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 arguing his armed robbery conviction was imposed in violation of his constitutional rights, and the state court erred in concluding otherwise. Before me now is Respondent's motion to dismiss the petition. Respondent argues that the petition must be dismissed as untimely under the Antiterrorism and Effective Death Penalty Act (AEDPA). Respondent contends that Brooks' habeas petition is untimely because he filed it outside the one-year statute of limitations imposed under 28 U.S.C. § 2244(d)(1).

Brooks' judgment of conviction was entered on March 28, 2005 after he pled guilty to six counts of armed robbery with use of force as a party to a crime. He filed a notice of appeal, and his appellate attorney filed a no-merit report pursuant to Wis. Stat. (Rule) § 809.32 and *Anders v. California*, 386 U.S. 738 (1967). State law allows for, but does not require, a defendant to file a response to the no merit report, and Brooks did not file one. The Wisconsin Court of Appeals summarily affirmed his conviction on October 9, 2006, finding no arguable merit to Brooks' appeal.

Brooks did not file a petition for review in the Wisconsin Supreme Court. Years later, on November 30, 2010, he filed a collateral motion for postconviction relief pursuant to Wis. Stat. § 974.06 in state court. The circuit court denied the motion without a hearing, concluding that the claims raised were procedurally barred. Brooks appealed the decision, and the court of appeals affirmed. He then filed a petition for review, which the Wisconsin Supreme Court denied on February 29, 2012. Brooks filed a federal habeas petition in this court on February 25, 2013.

A petition for a writ of habeas corpus must be filed within one year of "the date on which the judgment became final by the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). Here, Brooks filed a notice of appeal, and after his appointed counsel filed a no-merit report, the court of appeals summarily affirmed his conviction on October 9, 2006. Under Wisconsin law, Brooks had 30 days to seek a review of the court of appeals' decision by filing a petition for review in the Wisconsin Supreme Court. As noted, he failed to do so. Therefore, Brooks' conviction became final on November 8, 2006, when the time for seeking review in the state supreme court expired and the direct review of his conviction concluded. Absent some exception to the general rule, therefore, he had one year from November 8, 2006 to file his federal habeas petition.

However, the one-year limitations period for habeas corpus cases is tolled by state postconviction or other collateral proceedings that are "properly filed" as a matter of governing state procedural law. 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). Whether a collateral proceeding is "properly filed" is determined by state law. *Fernandez v. Sternes*, 227 F.3d 977, 978 (7th Cir. 2000). If a state court accepts a collateral appeal and entertains it on the merits,

2

the collateral attack has been "properly filed" but that if the state court rejects it as procedurally irregular it has not been "properly filed." *Freeman v. Page*, 208 F.3d 572 (7th Cir. 2000). But here, the statute of limitations on Brooks' habeas petition expired well before any collateral proceeding was initiated, and therefore, even if properly filed, his collateral attack would not retroactively toll the one-year limitations period under § 2244(d). *Griffith v. Rednour*, 614 F.3d 328, 329-30 (7th Cir. 2010); *De Jesus v. Acevedo*, 567 F.3d 941, 944 (7th Cir. 2009) ("A state court's order denying a request for collateral review (whether on the merits or for any procedural reason) does not require the exclusion, under § 2244(d)(2), of time that passed before the state collateral proceeding began.").

Nevertheless, § 2244(d) is also subject to equitable tolling. *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). A habeas petitioner "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (internal quotation marks omitted). Brooks does not explain what the circumstances were that prevented him from filing a federal habeas petition, or caused him to wait several years before filing his collateral attack in the state court. Brooks explains that he has been diligently pursuing his appeal because he continuously went to the law library, checked out legal books, and spoke with various individuals in an effort to best present his case when he did get back into court. Unfortunately for Brooks, "ignorance of the law" is not, as he claims, an excuse. No doubt many prisoners might similarly want to take their time to perfect the presentation of the merits of their case, or to fully research and develop their legal arguments before collaterally attacking their conviction, particularly where they are proceeding pro se and without any specific training in the law. However, Congress specifically provided for a statute of limitations for bringing

3

a federal habeas case, and the circumstances Brooks presents are far from extraordinary–particularly in light of the more than four-year delay at issue here. Accordingly, his petition must be dismissed because it is untimely and barred by 28 U.S.C. § 2244(d)(1).

Brooks makes two additional arguments in his Brief in Opposition to Respondent's motion to dismiss that are without merit, but will nevertheless be addressed briefly. First, he argues that Respondent's motion should be denied because it is untimely under 28 U.S.C. § 2243. Section 2243 requires a response "within three days unless for good cause additional time, not exceeding twenty days, is allowed." However, the Rules Governing Section 2254 Cases have the force of a superseding statute pursuant to 28 U.S.C. § 2072(b), and provide that if the district court does not summarily dismiss the petition, "the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." Rule 4, Rules Governing Section 2254 Cases; *Bleitner v. Welborn*, 15 F.3d 652, 653-54 (7th Cir. 1994). In other words, "Rule 4 leaves it up to the district court to fix the deadline [for a response]." *Bleitner*, 15 F.3d at 654. Thus, the respondent timely filed a motion to dismiss within the 45 days prescribed by this Court's Rule 4 screening order.

Second, Brooks argues that Respondent's motion should be denied because it incorrectly relies on Fed. R. Civ. P. 12(b)(6) as authority to dismiss Brooks' petition. However, here too, Brooks is wrong. Rule 12 of the Rules Governing Section 2254 Cases makes the Federal Rules of Civil Procedure applicable to habeas corpus cases to the extent they are not inconsistent with any statutory provisions or the rules governing section 2254. *Bleitner*, 15 F.3d at 654. Brooks presents no compelling reason why a motion to dismiss his petition as barred by the one-year limitation period prescribed by § 2244(d) is improper.

4

## CONCLUSION

In sum, Respondent's motion to dismiss Brooks' petition for a writ of habeas corpus will be granted, and Brooks' petition must be dismissed because it is untimely. 28 U.S.C. § 2244(d)(1). When a district court enters a final order adverse to the applicant, it must issue or deny a certificate of appealability. Rule 11(a), Rules Governing Section 2254 Cases. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To obtain a certificate of appealability, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). I conclude, for the reasons set forth in this opinion, that Brooks' claim does not warrant a certificate of appealability. Jurists of reason would not find it debatable that Brooks' federal habeas petition was filed well after the one-year limitations period, and that he has presented no legal or equitable grounds that would justify tolling the statute of limitations.

**THEREFORE, IT IS HEREBY ORDERED** that Respondent's motion to dismiss is **GRANTED**, Brooks' petition for a writ of habeas corpus is **DISMISSED**, and a certificate of appealability shall not issue.

Dated this   27th   day of June, 2013.

 s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court

5